IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SOPHIE ROGERS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:19-cv-1149-RDA/IDD |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA STATE REGISTRAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Defendants acknowledge that plaintiffs are prevailing parties and thus entitled to "a reasonable attorney's fee" under 42 U.S.C. § 1988(b). Defendants submit, however, that plaintiffs are seeking recovery for hours beyond those reasonably expended in this brief litigation, for attorney time that was inadequately documented, and at an unjustified hourly rate. Because plaintiffs have failed to carry their burden of showing that the requested sum is reasonable, defendants respectfully request that the Court award no more than $80,000 in attorney's fees.

**BACKGROUND**

Plaintiffs filed suit on September 5, 2019, alleging that Virginia Code § 32.1-267(A) was unconstitutional because it required applicants for marriage licenses to disclose their race. Complaint at 30 (ECF No. 1). Within two weeks of filing the complaint, plaintiffs also filed a motion for a temporary restraining order or a preliminary injunction (ECF Nos. 6, 7), as well as a motion for summary judgment (ECF Nos. 17, 18). Defendants moved to dismiss the complaint, arguing primarily that plaintiffs' claims were non-justiciable (ECF Nos. 29, 30).

1

On October 4, 2019—less than a month after the complaint had been filed—the Court held a hearing on all of the parties' pending motions. The hearing lasted approximately 90 minutes. See ECF No. 48. One week later, the Court granted plaintiffs' motion for summary judgment (ECF No. 49), and entered judgment the following week (ECF No. 57). Ultimately, the parties litigated the underlying dispute for only 43 days: from September 5 (when the complaint was filed) to October 18 (when the Clerk's Judgment issued).[1]

## LEGAL STANDARD

Because this is an action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citation omitted), and the Fourth Circuit has emphasized that the "special circumstances" doctrine is "very narrowly limited." *Lefemine v. Wideman*, 758 F.3d 551 (4th Cir. 2014) (quotation marks and citation omitted). Accordingly, defendants acknowledge that—as prevailing parties—plaintiffs are entitled to an award of fees.

"[E]ven when an award of attorneys' fees is mandatory, the amount to be awarded remains within the sound discretion of the trial court." *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998) (internal quotation marks and citation omitted). The Supreme Court has emphasized that "a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys," *Blum v. Stenson*, 465 U.S. 886, 897 (1984), and that the purpose of the fee-shifting provision in Section 1988 is "to enforce the covered civil

---

[1] Although the Court later entered an additional order clarifying the scope of its original order, the Court determined that "the parties [were] not at issue" at that point and that the matter involved one of "effectuation" rather than "interpretation." ECF No. 61 at 2. In any event, even if that period is factored in, this entire litigation still lasted only 53 days.

rights statutes, not to provide a form of economic relief to improve the financial lot of attorneys," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

To properly calculate a fee award under Section 1988, the Fourth Circuit has articulated a three-step process. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). *First*, the court "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* In evaluating the reasonableness of both hours and rate, courts look to the 12 factors set out in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] See *McAfee*, 738 F.3d at 88. *Second*, the court subtracts fees for hours spent on any unsuccessful claims. *Id. Third*, the court selects a percentage of the remaining amount to award, "depending on the degree of success enjoyed by the plaintiffs." *Id.*

Here, it is necessary only to consider the first step. Because plaintiffs prevailed on their claims and obtained the relief they sought, no deductions are necessary under the second or third steps. The fee award is thus properly calculated according to the lodestar, calculated in consideration of the *Johnson* factors. As the party seeking fees, plaintiffs "bear[] the burden of . . . documenting the appropriate hours expended and hourly rates" and were required to "exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 437.

---

[2] As described by the Fourth Circuit, the twelve *Johnson* factors are: "(1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *McAfee*, 738 F.3d at 88 n.5.

**ARGUMENT**

Plaintiffs have failed to establish that their request for $188,620 in attorney's fees is reasonable in this case. The number of hours sought—467.2 across five timekeepers—is excessive for litigation that involved only one short round of dispositive motions briefing and never proceeded to discovery, much less to trial. Many of the time entries for which plaintiffs seek to recover are too vague to evaluate the work that was actually done or the appropriateness of the tasks or the time billed. Finally, plaintiffs have failed to show that multiplying more than half of the requested hours by a rate of $600 per hour is reasonable. For all of these reasons, the requested fee award should be significantly reduced.

1.  The number of hours included in plaintiffs' fee petition is excessive. This litigation lasted less than two months. There was no discovery, no fact witnesses, and only a single hearing before the Court. Although the parties filed numerous motions, the combined briefing on all of those motions—including the briefing on whether the Court should modify its judgment—was less than 100 pages. Given the extremely brief duration of this litigation, plaintiffs' request to be compensated for more than 460 hours (equivalent to nearly three months of full-time work for a single person) is not reasonable.

First, a review of plaintiffs' billing records demonstrates that many of the entries are from years before counsel had even identified—much less been retained by—potential clients. For example, approximately 60 hours of the specific time actually documented by Attorney Glasberg are for time spent *more than two years* before the complaint was filed. Compare ECF No. 1 (complaint filed September 5, 2019), with ECF No. 64-10 at 1–2 (listing tasks beginning April

30, 2014, and continuing through May 23, 2017).³ And *all* of the 40 hours sought for Law Clerk Stacey Gray are for work done well over four years before the complaint was filed. See ECF No. 64-10 at 7–8; ECF No. 63 at 22 (requesting 40 hours for work by Law Clerk Gray conducted between May and October of 2014).

"The time that is compensable under § 1988 is that reasonably expended *on the litigation*," and "it is difficult to treat time spent years before the complaint was filed as having been expended on the litigation." *Webber v. Board of Educ. of Dyer County*, 471 U.S. 234, 242 (1985) (internal quotation marks and citation omitted). Although Attorney Glasberg's declaration does not state precisely when he was retained, it does say that it was only after he "had secured the support of my experts and we had finalized their declarations." ECF No. 63 ¶ 12. But the Supreme Court has emphasized that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority," *Hensley*, 461 U.S. at 434, and it would be a rare client who would agree to pay for work that was conducted before the attorney was even hired. Although pre-complaint work may be compensable if it is "reasonably expended *on the litigation*," these general research projects so far in advance of the lawsuit are not the type of "careful pre-filing investigation of the facts and law" for which a prevailing party may appropriately recover. *Page v. Virginia State Bd. of Elections*, No. 3:13-CV-678, 2015 WL 11256614, at *11 (E.D. Va. Mar. 11, 2015).

Second, a reduction of hours is also necessary given the many hours devoted to historical research and evidentiary development unnecessary to the suit that was eventually filed and litigated. To take a few examples, plaintiffs' billing records show that counsel spent significant

---

³ Plaintiffs also seek to recover for "50 hours of background reading"—a total of $30,000—conducted by Attorney Glasberg on unspecified dates "during 2014-2019." ECF No. 63 ¶ 26. For the reasons explained in the text, those hours should be excluded based on remoteness, lack of specificity, and excessiveness.

5

amounts of time on expert declarations,[4] general historical research,[5] and broad research memoranda.[6] Because this suit was filed and concluded in just 43 days, and decided on the basis of plaintiffs' 30-page complaint, the vast majority of these projects cannot reasonably be said to have been expended on *this* litigation. These hours are "excessive, redundant, or otherwise unnecessary" and therefore should not be recoverable. *Hensley*, 461 U.S. at 434; see also *Trimper v. City of Norfolk*, 58 F.3d 68, 76 (4th Cir. 1995) ("[T]he law is clear that in seeking attorney's fees under section 1988, attorneys are under a duty to minimize expenses.").

Reducing the number of hours in the lodestar is consistent with the first, third, and eleventh *Johnson* factors: the time and labor expended; the skill required to properly perform the legal services rendered; and the nature and length of the professional relationship between attorney and client. See *McAfee*, 738 F.3d at 88 n.5. Although Attorney Glasberg notes that he has already exercised some billing judgment by excluding certain hours from the fee petition, see ECF No. 63 ¶ 38, the total hours requested are still not reasonable under governing standards.

Accordingly, defendants request that the Court: (a) deduct the 50 hours of background reading included in plaintiffs' request, see ECF No. 63 ¶ 9 (reading of "books and articles on the history and sociology of American race relations, and . . . human genetics" that was "normally d[one] in the evening and on weekends at home . . . over the course of five years"); (b) deduct all 40 hours billed by Law Clerk Stacey Gray in 2014 in connection with her "memo on historical

---

[4] See, *e.g.*, ECF No. 64-10 at 1–2 (referring to, among others, "Prewitt," "Tishkoff," and "Feldman," whose declarations were submitted at ECF No. 9).

[5] See, *e.g.*, ECF No. 64-10 at 1 ("Read multiple published articles on race cases," "Read slavery cases"); *id.* at 7 ("General research re USA racial classification," "Edit / fill-in[] missing words in Vic's article"); *id.* at 9 ("Psychology research and memo," "*White by Law* cite check").

[6] See, *e.g.*, ECF No. 64-10 at 7–8 ("Research federal classifications," "Research classifications memo/project," "Memo re federal categories"); *id.* at 9 ("Compelled speech research & memo").

federal racial classifications," ECF No. 63 ¶ 27; and (c) apply a 30% across the board reduction of the remaining requested hours to account for work that was not expended on this short-lived litigation.[7]

2.  Even where counsel's work may have been reasonably expended on this litigation, many of the time records are not clear enough to support the requested fee award. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; see also *Crump v. United States Dep't of Navy*, 245 F. Supp. 3d 692, 715 (E.D. Va. 2017) (noting that courts may make reductions "[t]o account for work that was not adequately documented such that a paying client would likely have reasonably disputed same upon receiving a bill").

The single most obvious flaw here is in plaintiffs' request for 50 hours of undifferentiated time that Attorney Glasberg spent reading various books and articles over a five-year period. ECF No. 63 ¶¶ 9, 26. But even plaintiffs' other entries contain many examples of "block billing," or entries "grouping, or lumping several tasks together under a single entry, without specifying the amount of time spent on a particular task." *South Boston Energy LLC v. Hartford Steam Boiler Specialty Ins. Co.*, No. 1:18-CV-596, 2019 WL 3843062, at *5 (E.D. Va. Aug. 15, 2019). For example, Attorney Glasberg's entry on September 30, 2019 reports 8.2 hours of work—and

---

[7] Courts often apply these types of reductions in reviewing the number of hours requested in a lodestar calculation. See, *e.g.*, *Lilienthal v. City of Suffolk*, 322 F. Supp. 2d 667, 673–75 (E.D. Va. 2004) (excluding certain hours as "excessive"); *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Aeromark Mech., Inc.*, No. 1:12-CV-18, 2013 WL 4399324, at *4 (E.D. Va. Aug. 13, 2013) (reducing time by 50% where hours expended were "excessive"); *Landwehr v. AOL, Inc.*, No. 1:11-CV-1014, 2013 WL 1897026, at *4 (E.D. Va. May 1, 2013) (applying 30% reduction where number of hours was "unreasonable").

thus requests nearly $5,000—for: "Revise & finalize memo; select exhibits; receive data on clerks; draft declaration; multiple telecons. re clerks." ECF No. 64-10 at 4.[8]

In addition, many of counsels' billing records are vague and do not identify the specific task performed or how that task was related to the litigation. As one example, on August 5, 2019, Attorney Glasberg recorded 1.5 hours for "Conf., co-counsel, plaintiff's team." ECF No. 64-10 at 3.[9] Without more information, "[t]he Court cannot discern to what this work pertained." *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 599 (E.D. Va. 2016).

Both "vague billing entries" and "block billed entries" present the same problem: "in both cases the court cannot weigh the hours claimed and exclude hours that were not reasonably expended." *Harwood v. Am. Airlines, Inc.*, No. 1:17-CV-0484, 2019 WL 3244200, at *4 (E.D. Va. May 16, 2019). Because plaintiffs' billing records are replete with block billing and vague entries, a reduction of at least 10% in requested hours is warranted. See *id.* (applying 10% across-the-board hours reduction for "block billing and vague billing entries"); *McNeil v. Faneuil, Inc.*, No. 4:15CV81, 2017 WL 9771834, at *8 (E.D. Va. Nov. 8, 2017) ("The traditional

---

[8] For additional representative examples, see, *e.g.*, ECF No. 64-10 at 1 (4/30/14 entry lumps together "Telecon.," "research," and "email" in a single record seeking recovery for 2.8 hours of work); *id.* (5/8/2014 entry includes "Letters," "emails," and "research"); *id.* (7/11/2014 entry includes "Telecon." and "letter"); *id.* at 2 (7/16/2019: "Plecker research; draft complaint"); *id.* at 3 (8/4/2019: "Compile complaint & revise preliminary injunction"); *id.* at 4 (9/5/2019 entry includes "Coordinate," "proof final," and "motion to file book"); *id.* (9/15/2019: "Motion for permanent injunction & motion for summary judgment"); *id.* (10/4/2019: "Assemble hearing book; hearing on motions"); *id.* at 5 (7/26/2019: "Research suing AG; contact clerks re applications"); *id.* (8/9/2019: "Review complaint; check state citations; download & prepare exhibits"); *id.* at 6 (9/30/2019: "Review final draft of reply memo; copy, scan & assemble documentary appendix"); *id.* (10/18/2019 entry includes "Research" and "draft"); *id.* at 9 (6/26/2019 entry includes "Research" and "contact potential plaintiffs"); *id.* (7/18/2019: "Compelled speech memo; edit complaint").

[9] For additional representative examples, see, *e.g.*, ECF No. 64-10 at 1 (7/21/2014 entry includes "read material on race & education"); *id.* at 1–2 (several entries refer to "Emails" and a particular individual, with no specification as to content or purpose); *id.* at 7 (5/20/2014: "General research re USA racial classification"); *id.* at 9 (6/27/2019: "Psychology research and memo").

remedy for block billing is to reduce the fee by a fixed percentage reduction."), *report and recommendation adopted*, No. 4:15CV81, 2018 WL 1411017 (E.D. Va. Mar. 21, 2018).

3. Finally, plaintiffs have failed to meet their burden of justifying an hourly rate of $600 for their lead counsel. See *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (emphasizing that "the burden rests with the fee applicant to establish the reasonableness of a requested rate").

In support of the requested rate, plaintiffs cite two benchmarks: (1) the *Vienna Metro* matrix, which has been used by courts in this district, and (2) the *Laffey* matrix, which has been used in the District of Columbia. See ECF No. 63 at 29–30.

Neither matrix demonstrates that $600 is a reasonable hourly rate for this case. Indeed, the *Laffey* matrix has been rejected by courts as setting prevailing market rates in this district. See *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (rejecting *Laffey* matrix as reliable indicator of hourly rates in northern Virginia); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 712 (E.D. Va. 2012) ("[T]he Laffey Matrix is insufficient as a reliable indicator of reasonable rates for a case proceeding outside of Washington, D.C.").

As for the *Vienna Metro* matrix, it is true that some courts in this district have endorsed a range of $520-$770 per hour as a reasonable rate for counsel with Attorney Glasberg's years of experience. See ECF No. 63 at 28–29. Because the *Vienna Metro* matrix "comes from a district court opinion," however, it "is not binding here." *Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 619 (E.D. Va. 2015). In addition, other courts in this district (and division) have specifically rejected that matrix's application in cases unlike *Vienna Metro*— which involved "complex commercial real estate litigation." *Id.*; see also *Salim v. Dahlberg*, No. 1:15-cv-468 (LMB/IDD), 2016 WL 2930943, at *6–7 (E.D. Va. May 18, 2016).

9

As in *Route Triple Seven*, "the *Vienna Metro* Matrix is a glove that does not fit here." 127 F. Supp. 3d at 620. It has been clear for more than 50 years that the right to marry is fundamental, see *Loving v. Virginia*, 388 U.S. 1 (1967), and it has been clear for more than 30 years that all racial classifications trigger strict judicial scrutiny, see *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989). Defendants never denied (nor reasonably could have denied) the unconstitutionality of a statute conditioning the right to marry on labeling oneself by race. Accordingly, this litigation came down to straightforward questions of statutory construction and justiciability that required neither witnesses nor factfinding.

Plaintiffs also have not cited any case in which Attorney Glasberg has been awarded fees at a rate of $600 per hour. Accord *Salim*, 2016 WL 2930943, at *5 (noting that Attorney Glasberg was "unable to demonstrate that he has been awarded fees based on a $550 hourly rate by a court in this or any jurisdiction"). Indeed, in a case where plaintiffs sought a rate of $550 per hour for work performed by Attorney Glasberg, a judge of this Court determined that a rate of $500 was more appropriate. See *Salim*, 2016 WL 2930943, at *4, 8, 15. Awarding fees based on a rate of $500 per hour here would also account for the second, third, fifth, and eleventh *Johnson* factors: the novelty and difficulty of the questions raised; the skill required to properly perform the legal services rendered; the customary fee for like work; and the nature and length of the professional relationship between attorney and client. See *McAfee*, 738 F.3d at 88 n.5.

## DEFENDANTS' PROPOSED CALCULATION

Defendants respectfully request that the Court reduce both the number of hours and the hourly rate requested in plaintiffs' motion for a fee award. Defendants suggest the following calculation, which applies the modifications discussed above:

(1) Deduct 50 hours of background reading from Attorney Glasberg's time entries.

(2) Deduct all of Law Clerk Gray's hours, as her work corresponded to a general historical research project from 2014.

(3) Apply a 40% across the board reduction to all remaining hours: 30% for excessive billing and hours not expended on *this* litigation, and 10% for vague and block-billed time entries.

(4) Reduce Attorney Glasberg's hourly rate to $500.

| Timekeeper | Hours Requested | Reduced Hours | Hours x Rate | Total |
|---|---|---|---|---|
| Glasberg | 257.2 | 257.2 minus 50 hours of background reading = 207.2<br><br>207.2 minus 82.9 (40%) = 124.3 | 124.3 hours x $500 | $62,150 |
| Valdellon | 30 | 30 minus 12 (40%) = 18 | 18 hours x $250 | $4,500 |
| Tierney | 40 | 40 minus 16 (40%) = 24 | 24 hours x $250 | $6,000 |
| Gray | 40 | deduct all entries (excessive research from 2014) | -- | $0 |
| Phillips | 100 | 100 minus 40 (40%) = 60 | 60 hours x $120 | $7,200 |
| | | **TOTAL** | | $79,850 |

## CONCLUSION

Defendants acknowledge that plaintiffs are entitled to a fee award but respectfully request that the Court apply significant reductions to plaintiffs' request for attorney's fees. Using a reasonable lodestar, defendants suggest that plaintiffs should be awarded no more than $80,000 in fees.

Dated: November 20, 2019  Respectfully submitted,

                                                /s/
Toby J. Heytens, VSB No. 90788
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
solicitorgeneral@oag.state.va.us
*Attorney for Defendant Virginia State Registrar*

Richard C. Sullivan, Jr., VSB No. 27907
Bean, Kinney & Korman, P.C.
2311 Wilson Boulevard, Suite 500
Arlington, Virginia 22201
(703) 525-4000 – Telephone
(703) 525-2207 – Facsimile
rsullivan@beankinney.com
*Attorney for Defendants Clerks*

Christopher Falcon, VSB No. 76705
1425 N. Courthouse Road, Suite 6700
Arlington, Virginia 22201
(703) 228-7010 – Telephone
(703) 228-7079 – Facsimile
cfalcon@arlingtonva.us
*Attorney for Defendant Clerk, Arlington Circuit Court*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 20, 2019, a true and accurate copy of this paper was filed electronically with the Court's CM/ECF system, which will then send a notification of such filing to the counsel of record in this case

                  By:  /s/
                            Toby J. Heytens